**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STM MANAGEMENT PTY LTD and STM BAGS, LLC<br><br>        Plaintiffs,<br><br>    v.<br><br>PIONEER SQUARE BRANDS, INC., d/b/a BRENTHAVEN,<br><br>        Defendant. | Civil Action No. <u>1:25-cv-00971</u>-UNA<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

This is an action for patent infringement arising under 35 U.S.C. § 271 *et seq.* by Plaintiffs STM Management Pty Ltd ("STM Management") and STM Bags, LLC ("STM Bags") (collectively "Plaintiffs") against Pioneer Square Brands, Inc. ("Defendant" or "Pioneer Square") for infringement of U.S. Patent Nos. 12,259,753 ("the '753 patent"); 10,110,269 ("the '269 patent"); 10,790,867 ("the '867 patent"); and 11,139,850 ("the '850 patent")  (collectively, "the Asserted Patents"). Plaintiffs allege, on personal knowledge as to their own activities, and on information and belief as to Defendant and others, as follows:

### The Parties

1.        Plaintiff STM Management is a company organized and existing under the laws of Australia, with its principal place of business located in 34-36 Ralph St, New South Wales, Australia. STM Management is the assignee and owner of the Asserted Patents. Plaintiff STM Bags, LLC is a Colorado Limited Liability Company entity with its principal place of business at 12840 Danielson Court, Poway, CA 92064. STM Bags is the exclusive licensee of the Asserted Patents in the United States, with the right to sue for infringement.

2.      Defendant Pioneer Square is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1515 W. Green Dr., High Point, North Carolina 27260.

3.      Pioneer Square manufactures, imports, uses, offers to sell, or sells products throughout the United States, including the Brenthaven Rugged Keyboard Case for iPad, that infringe one or more claims of the Asserted Patents.

## Jurisdiction and Venue

4.      This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

5.      This Court has subject-matter jurisdiction over the action in accordance with 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has general and specific personal jurisdiction over Defendant, at least because Defendant is a Delaware corporation.

7.      Venue is proper in this district under 28 U.S.C. § 1400(b) because Defendant is incorporated or created under the laws of the State of Delaware and therefore resides in this District.

## Defendant's Accused Product

8.      Defendant makes, uses, sells, offers for sale, or imports into the United States products that infringe or are used to infringe the Asserted Patents. For example, Defendant through its Brenthaven brand, makes, uses, offers to sell, sells, or imports into the United States protective keyboard cases for tablet devices, including at least the Brenthaven Rugged Keyboard Case for iPad (the "Accused Product").

9.      The Accused Product incorporates features and elements claimed in one or more claims of each of the Asserted Patents.

2

**Defendant's Knowledge of its Infringing Conduct**

10.    Before the filing of this Complaint, Defendant knew or should have known of, or was willfully blind to, its own and its customers' infringement of the Asserted Patents.

11.    STM has provided Defendant with detailed claim charts demonstrating the infringement of the Asserted Patents by the Accused Product.

12.    Defendant continues to make, use, sell, offer for sale, or import the Accused Product despite being on notice of STM's patents and claims.

13.    Before the filing of this Complaint, Defendant was informed that it was infringing Plaintiff's patents. Defendant did not dispute that it was infringing but nevertheless did not cease its infringing conduct or request a license.

14.    Defendant and its agents either investigated the infringing conduct and knew of its infringement of the Asserted Patents or willfully blinded themselves to those facts by advertently failing to conduct such an investigation.

15.    In addition, before the filing of this Complaint, Defendant received a letter providing Defendant with actual notice and knowledge of its infringing conduct. On March 25, 2025, STM sent Defendant a letter with claim charts identifying the Asserted Patents and detailing Defendant's infringement. A copy of the letter is attached as Exhibit A.

16.    Discovery likely will yield additional evidence that Defendant knew or should have known of but were willfully blind to its own and its customers' infringement of the Asserted Patents.

**Count 1: Infringement of U.S. Patent 12,259,753**

17.    Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint.

3

18.     Plaintiffs are the sole owner and exclusive licensee of all right, title, and interest in and to the '753 patent, titled "Protective Cover and Keyboard Assembly for Electronic Device," is generally directed toward protective cases for electronic devices that incorporate integrated keyboard and electrical connection assemblies. The '753 patent was duly and legally issued by the United States Patent and Trademark Office.

19.     A true and correct copy of the '753 patent is attached hereto as Exhibit B.

20.     Defendant has infringed and are infringing, directly or indirectly, either literally or under the doctrine of equivalents, one or more claims of the '753 patent, including at least claims 1 and 15, in violation of 35 U.S.C. § 271 by making, using, offering for sale, selling, or importing into the Accused Product the United States.

21.     For example, the Brenthaven Rugged Keyboard Case for iPad includes a protective case and keyboard assembly with features matching the limitations of claims 1 and 15. For example, the product includes a structural frame that encloses a tablet device, an integrated or attachable keyboard, and aligned electrical connectors for coupling the keyboard with the tablet — as required by the claims.

22.     Product listings, technical documentation, and publicly available marketing materials (including those found on brenthaven.com and Amazon product pages) illustrate that the Accused Product includes each of the elements set forth in claims 1 and 15 of the '753 patent.

23.    FIG. 1 below is an image of the Brenthaven Rugged Keyboard Case for iPad.



*FIG. 1: Brenthaven Rugged Keyboard Case for iPad*

24.    In addition to directly infringing the '753 patent, Defendant has induced infringement of the '753 patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including but not limited to its partners, customers, and end users, to make, use, sell, offer to sell, or import the Accused Product into the United States.

25.    Defendant's affirmative acts show that Defendant knew or should have known that they have induced and are inducing infringement of the '753 patent, including but not limited to, advertising in public, and marketing features and benefits of the Accused Product, including online product documentation of Accused Product.

26.    Defendant took the above actions intending to cause infringing acts by others.

27.    Defendant has had knowledge of the '753 patent and its infringement thereof before the filing of this Complaint.

28.    Defendant's acts of direct and indirect infringement are willful, as Defendant knew, or should have known, that making, using, offering to sell, selling within the United

States, or importing into the United States, the '753 Accused Product would infringe the '753

patent, as described above. But Defendant continues to make, use, offer to sell, sell, or import the

Accused Product, without authorization.

29.     As a result of Defendant's infringement of the '753 patent, Plaintiffs are suffering

damages and will continue to suffer damages, and is entitled to monetary damages in an amount

adequate to compensate for Defendant's past and ongoing infringement, but in no event less than

a reasonable royalty for the use made of the invention by Defendant, together with interest and

costs as fixed by the Court.

30.     Defendant will continue to infringe unless this Court enjoins Defendant and its

agents, servants, employees, representatives, and all others acting in active concert with them

from infringing the '753 patent.

## Count 2: Infringement of U.S. Patent 10,110,269

31.     Plaintiffs reallege and incorporate by reference each of the preceding paragraphs

of this Complaint.

32.     Plaintiffs are the sole owner and exclusive licensee of all right, title, and interest

in and to the '269 patent, titled "Protective Keyboard Cover," which is generally directed toward

covers for portable electronic devices that include integrated electrical connectors and structures

for aligning the device with an external keyboard or dock.

33.     The '269 patent was duly and legally issued by the United States Patent and

Trademark Office.

34.     A true and correct copy of the '269 patent is attached as Exhibit C.

35.     Defendant has infringed and are infringing, directly or indirectly, either literally

or under the doctrine of equivalents, one or more claims of the '269 patent, including at least

claims 1 and 14, in violation of 35 U.S.C. § 271 by making, using, offering for sale, selling, or importing the Accused Product into the United States products.

36.     Defendant alone, or jointly with its partners, customers, or end users, perform every step of at least one claim of the '269 patent, and Defendant are liable for infringement because they exert control and direction over the entire process such that every step is attributable to Defendant.

37.     The Brenthaven Rugged Keyboard Case for iPad includes a protective cover that is structured to interface with external peripherals, including a keyboard and docking contacts, and contains molded openings and alignment elements — all of which are recited in the limitations of claims 1 and 14 of the '269 patent.

38.     The Accused Product's design, as shown in product documentation and marketing images, reveals the presence of integrated features configured to mate with external connectors, thereby satisfying the claim limitations.

39.     FIG. 2 below is an image of the protective cover of the Brenthaven Rugged Keyboard Case for iPad.



*FIG 2: Protective cover (Brenthaven Rugged Keyboard Case for iPad)*

40.     In addition to directly infringing the '269 patent, Defendant has induced infringement of the '269 patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly

7

inducing, directing, causing, and encouraging others, including but not limited to its partners, customers, and end users, to make, use, sell, offer to sell, or import the Accused Product into the United States.

41.    Defendant's affirmative acts show that Defendant knew or should have known that they have induced and are inducing infringement of the '269 patent, including but not limited to, advertising in public, and marketing features and benefits of the Accused Product, including online product documentation of Accused Product.

42.    Defendant took the above actions intending to cause infringing acts by others.

43.    Defendant has had knowledge of the '269 patent and its infringement thereof before the filing of this Complaint.

44.    Defendant has also contributorily infringed the '269 patent in violation of 35 U.S.C. § 271(c) by offering for sale and selling the '269 Accused Product or components thereof, knowing them to be especially made or especially adapted for practicing at least claim 8 of the '269 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

45.    Defendant's acts of direct and indirect infringement are willful, as Defendant knew, or should have known, that making, using, offering to sell, selling within the United States, or importing into the United States, the '269 Accused Product would infringe the '269 patent, as described above. But Defendant continues to make, use, offer to sell, sell, or import the '269 Accused Product, without authorization.

46.    As a result of Defendant's infringement of the '269 Patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's past and ongoing

infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

47.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives, and all others acting in active concert with them from infringing the '269 patent.

**Count 3: Infringement of U.S. Patent 10,790,867**

48.     Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint.

49.     Plaintiffs are the sole owner and exclusive licensee of all right, title, and interest in and to the '867 Patent, titled "Detachable Keyboard Case," is generally directed toward cases for tablet devices that include detachable keyboards with electrical coupling features.

50.     The '867 patent was duly and legally issued by the United States Patent and Trademark Office.

51.     A true and correct copy of the '867 Patent is attached as Exhibit D.

52.     Defendant has infringed and are infringing, directly or indirectly, either literally or under the doctrine of equivalents, one or more claims of the '867 patent, including at least claims 1 and 12, in violation of 35 U.S.C. § 271 by making, using, offering for sale, selling, or importing the Accused Product into the United States.

53.     The Brenthaven Rugged Keyboard Case for iPad embodies detachable keyboard functionality as claimed, with the electrical and mechanical structures necessary to allow a user to attach and detach the keyboard while maintaining connectivity.

54.     Defendant advertises the removable nature of the keyboard and shows images of the attachment interface that demonstrates the structural and electrical integration described in the '867 patent.

55.    FIG. 3 below is an image of the detachable keyboard arrangement of the Brenthaven Rugged Keyboard Case for iPad.



*FIG. 3: Detachable keyboard functionality (Brenthaven Rugged Keyboard Case for iPad)*

56.    In addition to directly infringing the '867 patent, Defendant has induced infringement of the '867 patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including but not limited to its partners, customers, and end users, to make, use, sell, offer to sell, or import the Accused Product into the United States.

57.    Defendant took the above actions intending to cause infringing acts by others.

58.    Defendant has had knowledge of the '867 patent and its infringement thereof before the filing of this Complaint.

59.    Defendant has also contributorily infringed the '867 patent in violation of 35 U.S.C. § 271(c) by offering for sale and selling the '867 Accused Product or components thereof, knowing them to be specially made or especially adapted for practicing at least claim 1 of the '867 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

33419188.1

60.    Defendant's acts of direct and indirect infringement are willful, as Defendant knew, or should have known, that making, using, offering to sell, selling within the United States, or importing into the United States, the '867 Accused Product would infringe the '867 patent, as described above. But Defendant continues to make, use, offer to sell, sell, or import the '867 Accused Product, without authorization.

61.    As a result of Defendant's infringement of the '867 Patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

62.    Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives, and all others acting in active concert with them from infringing the '867 patent.

**Count 4: Infringement of U.S. Patent 11,139,850**

63.    Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint.

64.    Plaintiffs are the sole owner and exclusive licensee of all right, title, and interest in and to the '850 Patent titled "Tablet Cover Assembly," which is generally directed toward protective covers for tablet devices having integrated structural and electrical features to support docking and peripheral connectivity.

65.    The '850 patent was duly and legally issued by the United States Patent and Trademark Office.

66.    A true and correct copy of the '850 patent is attached as Exhibit E.

67.    Defendant has infringed and are infringing, directly or indirectly, either literally or under the doctrine of equivalents, one or more claims of the '850 patent, including at least

11

claims 1 and 10, in violation of 35 U.S.C. § 271 by making, using, offering for sale, selling, or importing the Accused Product into the United States.

68.     The Accused Product includes a tablet cover assembly that integrates structural support and electrical coupling features consistent with those recited in the asserted claims — including peripheral edge enclosures and contact interfaces to support docking or external accessory integration.

69.     Plaintiffs' comparison charts and images identify where each element of claims 1 and 10 can be found in the Accused Product.

70.     FIG. 4 below is an image of the support and coupling features of the Brenthaven Rugged Keyboard Case for iPad.



*FIG. 4: Support and coupling features (Brenthaven Rugged Keyboard Case for iPad)*

71.     Defendant alone, or jointly with its partners, customers, or end users, perform every step of at least claim 1 and 10 of the '850 patent, and Defendant is liable for infringement

33419188.1

because they exert control and direction over the entire process such that every step is attributable to Defendant.

72.    In addition to directly infringing the '850 patent, Defendant has induced infringement of the '850 patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including but not limited to its partners, customers, and end users, to make, use, sell, offer to sell, or import the Accused Product into the United States.

73.    Defendant's affirmative acts show that Defendant knew or should have known that they have induced and are inducing infringement of the '850 patent, including but not limited to advertising in public, and marketing features and benefits of the Accused Product. Defendant took the above actions intending to cause infringing acts by others.

74.    Defendant has had knowledge of the '850 patent and its infringement thereof before the filing of this Complaint.

75.    Defendant has also contributorily infringed the '850 patent in violation of 35 U.S.C. § 271(c) by offering for sale and selling the '850 Accused Product or components thereof, knowing them to be specially made or especially adapted for practicing at least claim 1 and 10 of the '850 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

76.    Defendant's acts of direct and indirect infringement are willful, as Defendant knew, or should have known, that making, using, offering to sell, selling within the United States, or importing into the United States, the '850 Accused Product would infringe the '850 patent, as described above. But Defendant continues to make, use, offer to sell, sell, or import the '850 Accused Product, without authorization.

77.    As a result of Defendant's infringement of the '850 Patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

78.    Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives, and all others acting in active concert with them from infringing the '850 patent.

**Prayer for Relief**

Plaintiffs respectfully request that this Court enter:

a.    A judgment in favor of Plaintiffs that Defendant has infringed the Asserted Patents pursuant to 35 U.S.C. § 271 and that Defendant are liable for damages caused by such infringement;

b.    A judgment pursuant to 35 U.S.C. §283 preliminary and permanently enjoining Defendant, its officers, directors, attorneys, agents, servants, employees, parties in privity with, and all persons in active concert or participation with any of the foregoing, from continued acts of direct or indirect infringement of the Asserted Patents;

c.    An award of damages adequate to compensate Plaintiffs for Defendant's infringement of the Asserted Patents, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

d.    An award of trebled damages under 35 U.S.C. § 284 because of the willful and deliberate nature of Defendant's conduct;

e.    A judgment requiring Defendant to pay Plaintiffs' costs and expenses, along with pre-judgment and post-judgement interest, for Defendant's infringement of each of the Asserted Patents;

f.    A judgment finding that this is an exceptional case and awarding Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes and rules in common law that would be appropriate; and

g.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## Demand for Jury Trial

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure and District of Delaware Local Rule 38.1, request a trial by jury of any issues so triable under applicable law.

DATED:  August 4, 2025

*Of Counsel:*

Casey A. Kniser
**LAW OFFICE OF CASEY A. KNISER LLC**
111 North Wabash Avenue
The Garland Building #1257
Chicago, IL 60602
casey@kniserlaw.com

Douglas J. Christensen
John P. Fonder
**CHRISTENSEN, FONDER, DARDI
  & HERBERT PLLC**
11322 86th Avenue North
Maple Grove, MN 55369
Christensen@cfd-ip.com
Fonder@cfd-ip.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
Robert M. Vrana (# 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiffs,
STM Management Pty Ltd and
STM Bags, LLC*

33419188.1